DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 5:04 CR 341 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | SENTENCING MEMORANDUM |
| ) | |
| Joshua J. Martin, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

### I.  Introduction

The defendant stands convicted on the basis of his guilty pleas to Counts 2 and 3 of the indictment which alleged:

### COUNT 2

From on or about January 14, 2004 through February 2, 2004, in the Northern District of Ohio, Eastern Division and elsewhere, JOSHUA J. MARTIN did knowingly receive and distribute in interstate and foreign commerce, by computer, numerous computer image files and computer movie files, which files contained visual depictions of real minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(a).

All in violation of Title 18, United States Code, Section 2252(a)(2).

### COUNT 3

On or about March 9, 2004, in the Northern District of Ohio, Eastern Division, Joshua J. Martin did knowingly possess numerous computer image files and computer movie files that had been

(5:04 CR 341)

shipped and transported in interstate and foreign commerce and which were produced using materials which had bee so shipped and transported by any means including by computer, and which files contained visual depictions of real minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2).

All in violation of Title 18, United States Code, Section 2252(a)(4)(B).

The Court ordered a pre-sentence report which set the sentencing range at 60-63 months in view of the mandatory minimum sentence required.  Subsequently, and immediately prior to the sentencing hearing scheduled for January 27, 2005 the Probation Department, apparently acting pursuant to the pronouncements in the published opinion in *United States v. Farrelly,* \_\_\_F3d\_\_\_\_(Sixth Circuit 2004) published an Alternative Guideline Computation , a copy of which is attached to this sentencing memorandum as Appendix One consisting of two pages.  The Alternative Guideline Computation called for a total offense level of 29 rather than the previous total offense level of 24.  As the defendant's criminal history was I, the previous sentencing range of 51 to 63 months was elevated to a sentencing range of 87 to 108 months.  As a consequence, the defendant asked for a continuance of the sentencing  hearing to check on the accuracy of the Alternative Guideline Computation.  Due to the unavailability of the Court until May, the sentencing hearing was continued to May 6, 2005.  In preparation for the sentencing hearing on May 6, 2005, the Court examined only the Revised Presentence Report dated January 19, 2005 and did not have available the Alternative Guideline Computation dated January 26, 2005.  As a consequence, the Court, as of May 6, 2005, was of the mistaken belief that the advisory Sentencing Guideline Range was 60 to 63 months, subject to the mandatory sentencing requirement of 60 months.  As a consequence, the court continued the

(5:04 CR 341)

sentencing hearing to May 26, 2005 so that it would have the opportunity to consider *Farelly* and the Alternative Guideline Computation before engaging in a consideration of the sentencing factors set forth in 18 U.S.C. 3553.  Prior to the rescheduled sentencing hearing of May 6, 2005, the defendant's counsel did not challenge the Alternative Guideline Computation, but did file an extensive Sentencing Memorandum on April 15, 2005.

## II.  The Court's Analysis

The Court has described the defendant as 20 going on the age of 14.  The Court had the opportunity to listen to the defendant testify in support of the rejected motion to suppress.  The Court has had the opportunity to study the defendant's Sentencing Memorandum which clearly demonstrated that the defendant was a continuing problem for the teachers at the school he attended.  He was lacking in attention and reluctant to follow any instructions from his teachers.  His teachers and his school authorities constantly attempted to get the attention of the defendant's parents with a goal of improving his student behavior.  His parents were a study in apathy. The Sentencing Memorandum clearly indicates that the defendnt failed to develop as a student and was antisocial in his behavior.

The defendant filed a motion to suppress.  The Court heard testimony as a result of the motion.  A search warrant was issued for the home in which the defendant lived with his parents.  The lead F.B.I. agent was a young female who was well into her pregnancy.  She testified that the home in which the defendant lived was strewn with animal feces to the extent that she was forced to leave the home because of her resulting sickness.

The Court has had the defendant in court from time to time.  The Court has observed that while in custody, the defendant's appearance and demeanor has substantially improved.  It is the Court's

(5:04 CR 341)

view that this improvement resulted from the defendant no longer being in the environment in which he lived with his parents.

The Court finds that the mandatory minimum of 60 months will promote respect for the law and provide just punishment for the defense.  As a consequence, the Court finds that a sentence of 60 months as opposed to a sentence of 87 months will provide just punishment, afford adequate deterrence to the type of criminal conduct for which the defendant stands convicted and will serve to protect the public from similar crimes by the defendant.  The Court finds that the period of supervised release to follow will provide insurance that the defendant has not resorted to similar criminal conduct for which he stands convicted.

The Court finds that the sentence of 60 months will provide opportunity for the defendant to obtain additional education.  The Court also finds that the defendant has already developed some expertise with computers and his period of confinement should assist in further vocational training with the use of computers.

To summarize, if the Court was not confronted with the requirement to sentence the defendant to a mandatory minimum period of 60 months, it would seriously consider granting a sentence of less than 60 months.  However constrained by the requirement to impose a mandatory minimum sentence of 60 months, the Court does sentence the defendant to a term of 60 months.

(5:04 CR 341)

      The Clerk is directed to attach a copy of this Memorandum Opinion to the sentencing entry.

      IT IS SO ORDERED.

| | |
|---|---|
|  May 24, 2005 |  */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |